UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

Mauern Jerome Ashford,

                         Plaintiff,            **Hon. Hugh B. Scott**

                                                  08CV393S

                   -v-

                                              **Report &amp;
                                              Recommendation**

Glenn Goord, et al.,

                        Defendants.

---

      Before the Court is the respondent's motion to dismiss the instant petition for habeas corpus relief pursuant to 28 U.S.C. §2254. (Docket No. 10).[1]

**Background**

      On September 10, 1993, petitioner Mauern Jerome Ashford, ("Ashford") was convicted of sodomy in the first degree (N.Y. Penal Law §130.50), attempted rape in the first degree (§§110.00/130.35), sodomy in the second degree (§130.45), attempted rape in the second degree

---

[1] Upon the filing of the instant motion, an Order was issued requiring the petitioner to respond to the motion by December 11, 2009. (Docket No. 14). The petitioner requested an extension of time to respond (Docket No. 17) which was granted to allow the petitioner to respond by January 15, 2010 (Docket No. 18). As of April 26, 2010, the petitioner had not responded, an a Report & Recommendation was issued recommending that the petition be dismissed based upon a failure to prosecute (Docket No. 20). While the Report & Recommendation was pending before the District Court, the petitioner filed a letter asking the Court not to adopt the Report & Recommendation (Docket No. 22). The District Court set aside the Report & Recommendation to allow the petitioner one last opportunity to respond to the instant motion (Docket No. 23). The petitioner was directed to file a response by September 15, 2010 (Docket No. 24), but did not do so until December 3, 2010. (Docket No. 25).

§§110.00/130.30), and sex abuse in the first degree (§130.65). He was sentenced to a term of imprisonment of eight years as to the first sodomy count and 16 years on all other counts, to run concurrently. (Docket No. 10, Exhibit B).

It is undisputed that Ashford was on parole at the time of his 1993 conviction based upon a prior conviction for attempted rape in the first degree for which he had been sentenced to a term of imprisonment of four to eight years. (Docket No. 10, Exhibit A). It appears that the 1993 sentencing court did not make reference to the undischarged portion of the 1987 sentence at the time of the 1993 sentencing. As of the date of his 1993 conviction, the respondent asserts that Ashford owed one year, ten months and 15 days on his 1987 sentence. In 1997, Ashford was notified that his 1993 sentence was recalculated to run consecutive to the undischarged remainder of his 1987 sentence. (Docket No. 10, Exhibit C).[2] The respondent asserts that although the 1993 sentencing court did not mention Ashford's prior undischarged sentence, the 1993 sentence was to run consecutive to the remainder of the 1987 sentence notwithstanding the silence on the part of the 1993 sentencing judge. See Penal Law §70.25(2-a)[3]; Gill v. Greene, 12 N.Y.3d 1 (2009). Ashford contends that his 1993 sentence was to run concurrently with all other sentences. (Docket No. 1 at page 4).

---

[2] In addition, on October 27, 2004, the Time Allowance Committee determined that the petitioner had lost his good behavior time, and his sentence was again recalculated to have a maximum expiration date of December 22, 2010. (Docket No. 10, Exhibit D)

[3] Section 70.25.2-a provides: "When an indeterminate or determinate sentence of imprisonment is imposed pursuant to section 70.04, 70.06, 70.07, 70.08, 70.10, subdivision three or four of section 70.70, subdivision three or four of section 70.71 or subdivision five of section 70.80 of this article, or is imposed for a class A-I felony pursuant to section 70.00 of this article, and such person is subject to an undischarged indeterminate or determinate sentence of imprisonment imposed prior to the date on which the present crime was committed, *the court must impose a sentence to run consecutively with respect to such undischarged sentence.*" (Emphasis added).

The plaintiff argues that a final parole revocation hearing was not held, and in any event, because the 1993 sentencing Court was silent as to the undischarged prior sentence, his 1993 sentence was to run concurrently with all other sentences. (Docket No. 1 at page 5). The respondent asserts that the petitioner has known about the recalculation since 1997, and that even accounting for any tolling period, the instant federal petition was not timely filed and should be dismissed. (Docket No. 10).

AEDPA imposes a one-year statute of limitations on the filing of habeas petitions in federal court. 28 U.S.C. § 2244(d)(1). Pursuant to that provision, the petitioner has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a petition in federal court. Id. This statute of limitations may be tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending", 28 U.S.C. § 2244(d)(2), but such filings do "not reset the date from which the one-year statute of limitations begins to run." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.2000); see also Scales v. N. Y. Division of Parole, 396 F. Supp. 2d 423, 428 (S.D.N.Y. 2005). The Second Circuit has held that the limitations period begins to run when the petitioner is notified that the administrative decision to revoke his parole became final. Cook v. New York State Division of Parole, 321 F.3d 274, 280 (2d. Cir. 2003) (limitations period applied to habeas petition challenging parole revocation; period began to run when petitioner is notified that the administrative decision to revoke parole became final).

A question exists as to when the plaintiff first learned of the fact that his 1993 sentence would run consecutive to the undischarged prior sentence. The respondent asserts that the

3

plaintiff was advised of this fact as early as 1997 (Docket No. 10, Exhibit C). The plaintiff argues that he did not become aware of this fact until October of 2004. (Docket No. 25 at page 3). In any event, the plaintiff first raised this issue before a court by way of a state habeas corpus proceeding in New York State Supreme Court, Cayuga County, commenced on September 3, 2004. (Docket No.10, Exhibit E). That petition was denied on January 13, 2005 by Hon. Peter E. Corning holding that "there is no merit to the argument that the sentence imposed in 1993 should run concurrently with the sentence imposed prior to that date". (Docket No. 10, Exhibit I). This decision was served upon Ashford on March 17, 2005. Sixty-five days passed before the petitioner filed a subsequent state habeas corpus petition, this time in Livingston County, on May 21, 2005. (Docket No. 10, Exhibit K). This petition was denied on June 29, 2005 by Hon. Ronald A. Circoria holding that §70.25 of the New York Penal Law mandated the consecutive sentence and that the silence of the 1993 sentencing court "had no significance." (Docket No. 10, Exhibit L). This Order was appealed to the New York State Appellate Division, Fourth Department, which denied the petition on November 17, 2006 (People ex rel. Ashford v. Rabideau, 34 A.D.3d 1312, 823 N.Y.S.2d 739 (4th Dept. 2006). Ashford's motion for leave to appeal to the New York Court of Appeals was denied on February 13, 2007. (Docket No. 10, Exhibit P). It appears that no motion or appeal was pending for the next 174 days, until the petitioner filed a motion in New York State Supreme Court, Monroe County, pursuant to New York Criminal Procedure Law §440 on August 6, 2007. (Docket No. 10, Exhibit W). This motion was denied on August 20, 2007 by Hon. Francis A. Affonti. (Docket No. 10, Exhibit X). The instant petition was filed on May 29, 2008, but dated May 20, 2008. Using the May 20, 2008 petition date, 273 days lapsed between the date the plaintiff's §440 motion was denied and the date of the petition.

Thus, a total of 512 non-tolled days (65 + 174 + 273) elapsed from the date that the petitioner's first state habeas corpus petition was denied until the filing of the instant federal habeas corpus petition. Thus, the instant petition was not timely filed. The petitioner's papers do not articulate a basis to dispute this calculation. Instead, the petitioner states only that the statute of limitations could not have run because he did not become aware that the Department of Correctional Services ("DOCS") had issued "the Notice of Final Declaration of Delinquency directing the re-calculation of his sentence ... until October 27, 2004." (Docket No. 25 at page 3). Even accepting the plaintiff's contention, that he first became aware on October 27, 2004 that his sentence was deemed to run consecutively to his prior undischarged sentence, the petition was untimely filed. The petitioner does not argue that extraordinary circumstances warrant equitable tolling. The record does not reflect facts or circumstances which could support the imposition of equitable tolling in this case. Beatty v. United States, 293 F.3d 627, 632 (2d Cir.2002).

The instant petition should be denied as untimely filed.

**Claim not Cognizable on Habeas Corpus Review**

Even if the petition was timely filed, it should be dismissed. The Court recently addressed this issue in Hendrix v. Bradt, 2010 WL 3724688 (W.D.N.Y. 2010)(Telesca, J.), holding:

> Petitioner's claim is a matter of state law that is not cognizable on federal habeas review. It is well-established that "it is not the province of a federal habeas corpus to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). The issue of whether Petitioner's 1999 sentence should run concurrently or consecutively with his undischarged 1986 sentence is governed by

> § 70.25 of New York's Penal Law. The determination of this issue,
> therefore, does not implicate federal concerns and as such is not
> cognizable on habeas review. See e.g., Carrasquillo v. Bennett, 00
> Civ. 4770, 2002 U.S. Dist. LEXIS 16585, at *15-16 (S.D.N.Y.
> Aug. 28, 2002) (dismissing Petitioner's claim that sentence was
> excessive because it should have run concurrently rather than
> consecutively because sentence was within statutory guidelines);
> DeFeo v. Artuz, 958 F.Supp. 104, 109 (E.D.N.Y. March 17, 1997)
> (same).

Hendrix, 2010 WL 3724688 at *5.

The 1993 sentencing Court issued a sentence relating to the 1993 conviction. That Court did not, and was not required to, alter, amend or refer to the prior undischarged sentence. Further, the sentence rendered by the 1993 sentencing Court was the complete sentence for the 1993 conviction. The 1993 sentencing Court was not required to make findings or to refer to the undischarged prior sentence, which ran consecutively by operation of law (§70.25.2-a). See People ex rel. Gill v. Greene, 12 N.Y.3d 1 (2009)(Regarding §70.25.2-a, "where, as in this case, the court has no choice about which kind of sentence to impose, no default rule for interpreting the court's silence is provided by statute, because none is necessary. The court is simply deemed to have complied with the statute."); Reyes v. New York, 2009 WL 1066938 (S.D.N.Y.,2009) (citing Gill).

In light of the above, the petition should be denied even if it were timely filed.

## Conclusion

Based on the above, the motion to dismiss should be granted and the petition should be denied.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen(14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y. Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y. Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be

supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
January 13, 2011